## Case No. 3,618.

### In re DAVIS.

[2 N. B. R. (1874) 391 (Quarto, 125);[1] 2 Am. Law T. Rep. Bankr. 52; 1 Chi. Leg. News, 171.]

### District Court, E. D. Missouri.

BANKRUPTCY—SECURED CREDITORS—RIGHT TO SELL SECURITIES.

1. A creditor of a bankrupt, holding the security of a deed of trust in the nature of a mortgage, with a power of sale in a third party as trustee, must prove his debt as a creditor holding a security, and obtain the permission of the court to have the security sold. If he direct a sale without this permission, the court, upon application of the assignee, will set aside the sale.

[Cited in Re Bloss, Case No. 1,562; Re Frizelle, Id. 5,133; Markson v. Heaney, Id. 9,098; Re Haake, Id. 5,883; Re Brinkman, Id. 1,884; Re Jaycox, Id. 7,242; Phelps v. Sellick, Id. 11,079; Re Hufnagel, Id. 6,837.]

2. Quaere: If the trustee sell without the authority of the court, does any title pass to the purchaser?

Demurrer to bill in equity to set aside sale under deed of trust of certain real estate aft-

[1] [Reprinted from 2 N. B. R. 391 (Quarto 125), by permission.]

er the bankruptcy of Bittel, without having proved the debt of the cestui que trust, under the bankrupt act [of 1867 (14 Stat. 517)]. The facts were that [Joseph] Bittel filed petition for bankruptcy on the 21st day of February. In his schedule, he mentions the debt due Mrs. Octavia Boyce, for about ten thousand dollars, secured by deed of trust on some eight hundred arpents of land situated near Creve Cour lake. [James M.] Carpenter, the trustee under the deed, advertised and sold the land on the 10th day of April, to one John O. F. Delaney, son of the cestui que trust, for the sum of fourteen hundred dollars. The bill alleges the property to have been worth twenty thousand dollars. To the bill was filed a general demurrer, which came up for argument on Thursday of last week.

Musser & Decker, for assignee.
Glover & Shepley, for Carpenter.

TREAT, District Judge, proceeded to say that it presented the question whether sales made under deeds of trust, after the bankruptcy of the grantor in the deed, were void, and could be set aside upon the application of the assignee of the bankrupt, and whether a United States court would review the action of trustees, representing secured creditors of bankrupts in the matter of such sales. The assignee has a right when a sale has been made to bring the trustee into court and have him examined. He has a right under the bankrupt law to redeem any mortgaged property, or to sell the equity of redemption, which was in the bankrupt at the time of the adjudication. The fact that a creditor has a lien does not put him in position better than an unsecured creditor, in reference to the necessity of proving his debt against the bankrupt's estate. The bankrupt law clearly states what the schedule of the bankrupt shall contain. He shall make a correct list of all his property, and of the debts due him and by him, secured and unsecured. Here the learned judge cited the sections of the law upon this subject, as also the fourteenth and fifteenth sections of the bankrupt law, which define the rights and duties of assignees. "And that the assignee takes all the property conveyed by the bankrupt in fraud of his creditors, all rights in equity, choses in action, patents and patent-rights, copyrights, all debts due him, or any person for his use, and all liens and securities therefor, and all his rights of action for property or estate, real or personal, or for any cause of action which the bankrupt had against any person arising from contract or from the unlawful taking or detention, or of the injury to the property of the bankrupt, and all his rights of redeeming such property or estate," &c., &c., and that the bankrupt's assignee shall take, hold, sue for and recover the property of the bankrupt, &c. The statement of the debt in the schedule is not proof of it. It may be stated in fraud and may not exist.

The bankrupt may have made payments, or may have counter-claims and offsets. The debt must be proved by the oath of the creditor. (Here the oath was recited from the law.) This applies to a lien creditor as well as to an unsecured creditor. It was the duty of the assignee to see that the general creditors of a bankrupt's estate are protected against such frauds as might grow out of the collusion between the bankrupt and a secured claimant. But if the secured creditor shall choose to sell the mortgaged property and pocket the money, without proving his debt against the estate, what is the assignee to do? He had his choice—to disregard the creditor's acts and commence proceedings in ejectment, for possession of the mortgaged land; or, begin suit by bill in equity to set aside the sale. He has done right in adopting the latter plan. This court is clothed with full powers to preserve the rights of all parties, and will review the action of the creditor. The lien creditor under the law has notice of the bankruptcy as well as others. For what purpose is notice sent him? It is for the purpose of having him prove his claim. The law provides that the conveyance to the assignee, after the bankrupt's surrender of all the property of such estate, relates back to the time of the adjudication. The assignee is clothed with the power to pay off all claims against the bankrupt, and if secured creditors come forward and prove their liens, their rights will be respected. How is the assignee to perform his trust if the creditors fail to prove their claims? How is he to judge of the bona fides of the transaction, and of the merits of the creditor's claim, except upon the proof?

It may be that a case under section nineteen of the bankrupt law may happen, viz.: "All debts existing (at the time of the adjudication) but not payable till a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the said estate." Deeds of trust sometimes contain clauses, that if any one of the notes secured by the deed should fall due and remain unpaid, all the other notes should be deemed due. Suppose the assignee chooses to come forward and pay the notes with a rebate of interest, can the trustee deprive the creditors of the advantage of it? And, again, under the twentieth section, suppose a case of mutual debts and mutual credits between the parties—where the law requires an account between them to be stated, and one debt set off against the other, and the balance allowed and paid to the creditor—how is the assignee to ascertain the facts constituting the creditor's claim if he refuses to comply with the law and prove his debt? Suppose a lien creditor, after the sale has been made, and the proceeds applied to the payment of the claim, without the knowledge of the assignee, after the creditor has applied the mortgaged property to his own use, should

come before the register and prove up a claim for the balance unpaid. Would it not be the duty of the register to reject his claim and refuse to allow him to prove? It may be, on the other hand, that the mortgaged property brings largely over the amount of the debt. The overplus then becomes payable to the assignee of the bankrupt. There may then arise a necessity for proceedings to find out the overplus. The act contemplates that all these matters shall be done in connection with the assignee, and that the fact that anything is due the creditor shall be ascertained under the provisions of this law.

Let us see further in reference to another class of liens, judgments, attachments, &c. "No creditor proving his claim shall be allowed to maintain any suit in law or equity therefor; and no creditor whose debt is provable under the bankrupt law, shall be allowed to prosecute to final judgment any suit in law or equity therefor against the bankrupt, till the question of his final discharge shall have been determined, and every such suit, upon the application of the bankrupt, shall be stayed. Attachments are to be dissolved after the bankruptcy," &c. There is no distinction in the law between one kind of a lien creditor and another, whether the lien is an unsatisfied judgment or mortgage on real or personal property. The twenty-second section of the law was here cited, and its provisions relative to the form and manner of proving claims against bankrupt estates. Why those provisions, if a person having a secured claim may proceed independently of the bankrupt law? Those provisions apply to claims secured by mortgage of personalty or realty, as well as to claims unsecured. (Here the judge cited the provisions of the twenty-fifth section of the law.) Any other theory than that the lien creditor must apply to the court and prove up his claim against the estate of the bankrupt, is entirely irreconcilable with the provisions of the act. All the rights of the lien creditor are preserved in the United States courts, but he must apply under and in accordance with the law. Without going any more into detail, it suffices that in all sales under deed of trust outstanding, when such deeds have been given by bankrupts, the party holding claims secured by deeds of trust must come in and prove his claim. If he does not do so it is the assignee's privilege and his duty to cite the party into court, and the court will review the case. The decision is, a bill in equity will lie to review all sales made under deeds of trust subsequent to bankruptcy. This, at the same time that it preserves the interest of the estate, is no disadvantage to the creditor. The defendant's counsel, in offering the demurrer, objects that the bill does not allege a want of knowledge on the part of the assignee of the sale by the trustee. The proper notice to the assignee is by proof of claim before a register.